**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

UNITED STATES OF AMERICA,             Case No. 1:22-CR-393

       Plaintiff,

       -vs-

                           **JUDGE PAMELA A. BARKER**

DELMAR JACKSON,

       Defendant.                **MEMORANDUM OPINION & ORDER**

Currently pending before the Court are Defendant Delmar Jackson's ("Defendant" or "Jackson") Motion for Transcript at Government's Expense ("Motion for Transcript") and Motion for Appointment of Counsel filed on March 23, 2026 ("Defendant's Motion"). (Doc. Nos. 83, 84.) On March 30, 2026, the United States of America filed the Government's Response in Opposition to Defendant's Motion ("the Government's Response"). Defendant's Motion and Motion for Transcript are ripe for a decision. For the reasons set forth below, the Motion for Transcript is GRANTED and Defendant's Motion is DENIED.

In the Motion for Transcript, Jackson asserts that he "intend[s] to appeal the judgment entered in this case by June, 2026, and [the] transcript is necessary for the preparation of [his] appeal pursuant to 28 U.S.C. [§] 2255." (Doc. No. 83, PageID # 1130.) Jackson represents that [t]he issues [he] plan[s] to raise on appeal include denial of judgment for acquittal, (2) denial of suppression, and ineffective assistance [of] counsel." (*Id*).[1]  The Motion for Transcript is GRANTED.

---

[1] The Court notes that Jackson, through counsel, already filed a notice of appeal, and raised two challenges to his convictions. Jackson contended that the Court erred in denying (1) his motion to suppress evidence seized from the officers' warrantless search of his car and person and (2) his motion for judgment of acquittal as to the firearms charges. The Court of Appeals rejected these challenges and found that the Court did not err in denying Jackson's motion to

In Defendant's Motion, Jackson asserts that he is unable to afford counsel, that he has a constitutional right to the appointment of counsel, his time in the law library is limited based on prison rules, the law material it contains is limited and he has limited knowledge of federal laws and is unschooled in researching the law and preparing the motion.

Jackson is mistaken when he asserts that he has a constitutional right to the appointment of counsel for purposes of filing his anticipated § 2255 motion. *See Risler v. United States*, 2022 WL 19716, at *1 (N.D. Ohio Jan. 3, 2022) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Also, Jackson has not demonstrated that the ends of justice require or support the appointment of counsel. Indeed, because the Court of Appeals has already rejected any argument by Jackson that the Court erred in denying his motion to suppress and his motion for judgment of acquittal, his § 2255 motion should be limited to his claim of ineffective assistance of counsel. Indeed, by preparing and filing the Defendant's Motion and the Motion for Transcript, and the Motion for Return of Property on January 26, 2026, and the Response to Government's request for contact information for the property on March 6, 2026 (Doc. Nos. 80, 82), Jackson has shown himself capable of representing himself before the Court.

Accordingly, Defendant's Motion is DENIED.

---

suppress and that the trial evidence supported the jury's verdict on the firearms charges and therefore, the Court did not err in denying the motion for acquittal. (*United States v. Jackson*, 2025 WL 1695037 (6th Cir., June 17, 2025)). Accordingly, any argument included in Jackson's anticipated § 2255 motion challenging the Court's denial of his motion to suppress and motion for acquittal will be without merit. Therefore, only the remaining argument of ineffective assistance of counsel that Jackson indicates he intends to raise would be the proper subject of Jackson's anticipated § 225 motion.

**IT IS SO ORDERED.**

_s/Pamela A. Barker_
PAMELA A. BARKER
Date:  April 9, 2026                    U. S. DISTRICT JUDGE